J-S51042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY LYNN ARMOLT, | : | |
| | : | |
| Appellant | : | No. 762 MDA 2019 |

Appeal from the Order Entered April 16, 2019
in the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0000509-2002

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 29, 2019**

Jeffrey Lynn Armolt ("Armolt"), appeals, *pro se*, from the Order entered in the Adams County Court of Common Pleas dismissing his *pro se* "Petition for Review."[1]  We affirm.

This case has a lengthy and meandering procedural history, including Armolt's voluminous, exhaustive, and unsuccessful pursuits of relief via a variety of legal avenues.  In summary, Armolt was arrested on December 22, 2003, after his girlfriend's twelve-year-old daughter ("Victim") gave birth to a premature baby at Gettysburg Hospital; the Victim reported to a State Police trooper that Armolt had engaged in various sexual acts with her, including 15-

---

[1] Armolt's *pro se* "Petition for Review" must be treated as a Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation omitted).

20 acts of sexual intercourse; and testing indicated that Armolt was, in fact, the father of the baby, who died shortly after birth.

On December 22, 2003, Armolt pled guilty to three counts of rape of a child and was sentenced to 15 to 30 years in prison. Armolt did not file a direct appeal; rather, on January 16, 2007, Armolt filed the first of several PCRA Petitions arguing that his sentence was illegal. In the years since, Armolt has sought relief through several PCRA Petitions, as well as civil *habeas corpus* actions and private criminal complaints against various government officials, each of which were denied.

Armolt, *pro se*, filed the instant "Petition for Review" on April 15, 2019, arguing that various aspects of his sentence are illegal. On April 16, 2019, the trial court issued an Order dismissing the Petition.[2] Armolt filed, *pro se*, a Notice of Appeal to this Court and a Concise Statement pursuant to Pa.R.A.P. 1925(b) on May 6, 2019. On May 14, 2019, the PCRA court filed its Opinion pursuant to Pa.R.A.P. 1925(a), determining that Armolt's instant appeal has both been exhaustively litigated since his 2004 sentencing and is inherently and facially frivolous.

_____

[2] The PCRA court did not file a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing; but, because Armolt did not challenge the PCRA court's decision not to file a notice, any such challenge is waived. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (stating that "[t]he failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted). Further, when a petition is untimely, failure to issue a Rule 907 notice "does not automatically warrant reversal." **Id.**

Armolt specifically argues that his sentence is illegal because (1) the statute by which he was sentenced was determined to be unconstitutional; (2) the court improperly imposed mandatory minimum sentences upon him given his lack of criminal history; and (3) the plea agreement he entered into had been breached and, as a result, should be voided. Brief for Appellant at 2 (renumbered).

We review an order denying a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The review is limited to the findings of the PCRA court and the evidence of record. *Id.* The PCRA court's decision will be upheld if it is supported by the record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

As a threshold matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016). A PCRA petition for relief, including second and subsequent petitions, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is determined to be "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). A court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Armolt's judgment became final in 2004, after the time to seek direct review expired. *See* Pa.R.A.P. 903(a). Accordingly, Armolt had until

2005 to file a timely PCRA petition. Armolt's Petition is thus facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of the exceptions "shall be filed within one year of the date the claim could have been presented." **Id.** § 9545(b)(2).

In his first claim, it appears that Armolt is claiming a "newly-recognized constitutional right" based upon a decision of the United States Supreme Court in **Alleyne v. United States**, 570 U.S. 99 (2013), as applied in **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016) (determining that Pennsylvania's mandatory minimum sentencing scheme under 42 Pa.C.S.A. § 9718 was unconstitutional).[3] Brief for Appellant at 11-12.

Our Supreme Court has determined that **Alleyne** is not retroactively applicable to collateral attacks on mandatory minimum sentences where the judgment of sentence became final before **Alleyne** was decided. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Further, our Supreme Court has not determined that **Wolfe** announced a new constitutional right that applies retroactively on collateral review.

Moreover, **Alleyne** was decided on June 17, 2013, and Armolt filed the instant appeal on April 15, 2019, far beyond the one-year time bar set forth in 42 Pa.C.S.A § 9545(b)(2). As a result, **Alleyne** is not retroactively

---

[3] We note that, unlike Armolt, the petitioner in **Wolfe** filed his petition within the statutory time period.

applicable to the instant appeal, and Armolt cannot use ***Alleyne***-based grounds to bring a claim within the new constitutional right exception.

Because Armolt's current PCRA Petition is untimely, and fails to successfully invoke any of the timeliness exceptions, the PCRA court properly dismissed it.

Order affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2019

---

[4] Though Armolt includes two additional arguments in his brief, neither invokes an exception to the PCRA time bar.